UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE MOLTEN METAL TECHNOLOGY, INC. SECURITIES LITIGATION | Civil Action No. 97-10325-MLW |
| MARILYN AXLER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCIENTIFIC ECOLOGY GROUP, INC. and H.W. "BUD" ARROWSMITH, <br><br> Defendants. | Civil Action No. 98-10161-MLW |

**PLAINTIFFS' NOTICE OF THE FINAL DISPOSITION OF
UNCLAIMED SETTLEMENT FUNDS TO CHARITY**

Plaintiffs hereby inform the Court of the final disposition to charity of all unclaimed settlement funds remaining after the distribution of the Molten Metal Technology Securities Litigation Settlement Fund.

1. On or about March 7, 2001, Plaintiffs filed a Stipulation of Settlement pursuant to which the Molten Metal Defendants were required to pay $11,835,000 to settle the litigation.

2. Following the processing of claims by Berdon Claims Administration, LLC (the "Administrator") on March 18, 2002, the Court approved the administrative determinations of the Administrator accepting and rejecting claims, and entered an Order Authorizing Disbursement of the Settlement Fund ("Distribution Order"), attached hereto as Exhibit A.

3. Pursuant to the Distribution Order, the Court ordered that if funds remained in the Net Settlement Fund for one year following the distribution of settlement funds, then the balance

should be donated to "a non-sectarian, not-for-profit, 501(c)(3) organization designated by, but not affiliated with, counsel for Lead Plaintiffs and the Classes." *Id.*

4.  The Administrator identified claims that were totally or partially valid and issued checks to those authorized claimants in the aggregate amount of $8,245,200. *See* Affidavit of Michael Rosenbaum attached as Exhibit B, at ¶ 2.

5.  Plaintiffs' Lead Counsel and the Administrator have undertaken reasonable and diligent efforts to distribute the Settlement Fund and are unable to locate the remaining claimants to whom checks were issued which remain uncashed. *Id.* at ¶ 3.

6.  At this time, the undistributed balance remaining in the Net Settlement Fund is $18,982.72. *Id.* at ¶ 3.

7.  In addition, due to a tax refund, $19,504.75 also remains in an account maintained by Plaintiffs' co-lead counsel, Shapiro Haber & Urmy LLP. *See* Affidavit of Norman Berman, attached as Exhibit C, at ¶ 3.

8.  Accordingly, pursuant to the Distribution Order, the remaining funds will be equally divided among four "non-sectarian, not-for-profit, 501(c)(3) organization[s] designated by Plaintiffs' Lead Counsel." *Id.* at ¶ 5. The organizations selected are: Greater Boston Legal Services, Health Law Advocates, Massachusetts Law Reform, and Pine Street Inn. *Id.*

9.  Greater Boston Legal Services (GBLS) provides free civil legal assistance to low-income people in Boston and thirty-one additional cities and towns. The help it offers ranges from legal advice to full case representation, depending on client need. GBLS serves families whose yearly income does not exceed 125% of Federal Poverty Income Guidelines ($26,500 for a family of four). Its staff of 72 attorneys and 25 paralegals is divided into areas of legal expertise to best address the problems faced by people living in poverty. A national leader in

poverty law, GBLS also undertakes representation and legal advocacy to address the root causes of poverty. *Id.* at ¶ 6.

10.     Health Law Advocates ("HLA") is the only non-profit law firm in Massachusetts dedicated exclusively to health care access. HLA provides free legal assistance to hundreds of Massachusetts families each year. HLA clients are low and middle income residents from all parts of the State. Many are children, elderly, or coping with disabilities. All face barriers to health care treatment that result in suffering and loss. *Id.* at ¶ 7.

11.     The Massachusetts Law Reform Institute (MLRI) is a non-profit legal services organization committed to promoting social and economic justice through advocacy, education and legal action. MLRI'S strategies advance systemic reforms that help hundreds of thousands of low-income people attain basic human needs and protect their rights with justice and dignity. *Id.* at ¶ 8.

12.     Pine Street Inn is a not for profit organization committed to men, women and children in need of shelter, sustenance, and the basic moral and material supports necessary to lead a dignified and stable life. It is the mission of the Inn, in all its programs, to be a community of respect and hope for each guest it serves; to be a resource through which neighbors and friends can help to meet the basic needs of others; and to serve as a national leader in the fight to end homelessness. *Id.* at ¶ 9.

13.     Plaintiffs have designated these charities as worthy recipients of the remaining funds and will be sending $9,621.86 to each of these organizations. *Id.* at ¶ 10.

Dated: March 9, 2009                    Respectfully submitted,

**BERMAN DEVALERIO**

/s/ Norman Berman
Norman Berman, BBO # 040460
One Liberty Square
Boston, MA 02109
(617) 542-8300

**SHAPIRO HABER & URMY LLP**

/s/ Thomas G. Shapiro
Thomas G. Shapiro, BBO# 454680
53 State Street
Boston, MA 02109
(617) 439-3939

**Attorneys for Plaintiffs and the Class**